**Edwin C. Barnes, trading as Edwin C. Barnes & Brothers, Appellee, v. William E. Martin, trading as Martin & Martin, Appellant.**

**Gen. No. 21,314.   (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916. Rehearing denied January 17, 1916.

### Statement of the Case.

Action by Edwin C. Barnes, trading as Edwin C. Barnes & Brothers, plaintiff, against William E. Martin, trading as Martin & Martin, defendant, for the price of two "Edison Dictating Machines" with accessory appliances, which were sold and delivered to defendant pursuant to a written order. Upon trial by the court, plaintiff had judgment for two hundred and thirty dollars, from which defendant appeals.

The order upon which the appliances were delivered was explicit as to prices and terms. Among other things it contained a provision that if the purchaser should for any reason be unable to use them they should be returned in ten days and full credit for them would be allowed. This order is dated July 22, 1914.

The appliances were delivered and used by the defendant, and it was not until September 5th that defendant notified plaintiff that the machines were not wanted.

Defendant says he is not bound by the order for the reason that his cashier, McCallister, who signed the order had no authority to do so. The said evidence showed that the latter had general charge of the office, buying supplies, signing checks, and employing and discharging some of the employees. During defend-

ant's absence from the city he was apparently the general manager of the business.

The evidence also showed that defendant contemplated leaving the city, to be gone about six weeks, and before he left, McCallister told him that he proposed to try a dictating machine in the office, and defendant consented to this.

PRINGLE & FEARING, for appellant.

FULTON, GAREY & DEUTSCHMAN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

PRINCIPAL AND AGENT, § 8*—*when evidence sufficient to show relation.* In an action to recover for the purchase price of goods, where the evidence shows that the person purchasing had general charge of defendant's office, buying supplies, signing checks and employing and discharging some of the employees and acted as general manager of the business during defendant's absence from the city, and that such person had stated to defendant that he proposed to try the article in question to which defendant consented, evidence *held* sufficient to show that he acted as defendant's authorized agent in purchasing the goods in question.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.